930 F.2d 24
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Peggy Jo ORBAN and Steven Orban, Defendants-Appellants.
 Nos. 89-2388, 89-2389.
 United States Court of Appeals, Sixth Circuit.
 April 15, 1991.
 
 Before KEITH and KRUPANSKY, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The defendant Peggy Jo Orban was found guilty by a jury of conspiracy to possess and distribute cocaine or marijuana, possession of over 100 marijuana plants, and use of a telephone to facilitate a drug crime. Steven Orban was also found guilty of conspiracy, as well as distribution of cocaine on two occasions, manufacture of marijuana, possession of over 100 marijuana plants, and use of a telephone to facilitate a drug crime. They appeal the denial of their motion to suppress and the calculation of their base offense level.
 
 
 2
 The affidavit in support of the search warrant recounted information supplied by two government informants. One informant supplied information relating to drug sales and marijuana crops from 1988, a year before the warrant application. The other informant supplied information regarding a wire-monitored drug buy from Steven Orban on April 20, 1989. The government applied for the warrant ten days after this drug buy. The Orbans contend that the information in the affidavit became stale by the time the government applied for the warrant. In addition, they contend that neither informant had a history of providing credible information to the government and that their statements were inadequately corroborated.
 
 
 3
 In reviewing the warrant, this court's duty is "simply to ensure that the magistrate had a substantial basis for ... conclud[ing] that probable cause existed." Illinois v. Gates, 462 U.S. 213, 238-39, 103 S.Ct. 2317, 2332 (1983) (quotation omitted). When criminal activity is protracted and of a continuing nature, probable cause is less likely to be dissipated by the passage of time. United States v. Henson, 848 F.2d 1374, 1381-82 (6th Cir.1988), cert. denied, 488 U.S. 1005 (1989). Since the conspiracy was of a continuing nature, and since the growth of marijuana was, by definition, a protracted activity, the passage of time between the informants' observations and the warrant application did not dissipate the probable cause.
 
 
 4
 Although the informants did not have a history of providing credible information, as noted by the trial court, "[T]heir statements dovetail, they dovetail with what Orban said, they dovetail with what the officer said he observed, they dovetail with each other and they dovetail over quite a long period of time." For example, one informant observed marijuana plants under a grow light, which corroborated the other informant's statement that Steven Orban borrowed a grow light from him the previous fall to grow marijuana. The statements of the informants and the officer corroborate each other and provide a substantial basis for concluding that probable cause existed.
 
 
 5
 During the controlled drug buy, the officer overheard Steven Orban stating that during the fall of 1988 he had fronted four ounces of cocaine to the first informant, who failed to pay him for it. This statement was repeated by the officer in the affidavit in support of the warrant application. In a drug distribution case, quantities and types of drugs not included in the conviction are to be included in determining the base offense level if they were part of the same course of conduct as the count of conviction. Sentencing Guidelines Sec. 1B1.3(a)(1) & comment. (backg'd) (1989). Thus, the trial court included this four ounces of cocaine in calculating the base offense level, which raised the offense level by four points, from level 14 to level 18.
 
 
 6
 The Orbans contend that the statement by the officer that he heard Steven Orban admit to fronting four ounces of cocaine is insufficiently reliable to establish that they were responsible for this quantity of drugs. Peggy Jo Orban contends that inclusion of this four ounces in her offense level is particularly erroneous because of the lack of any evidence to connect this transaction with the conspiracy, which the indictment states began in November 1988.
 
 
 7
 Under the Sentencing Reform Act of 1984, the appellate court must accept findings of fact by the district court unless they are clearly erroneous. 18 U.S.C. Sec. 3742(d). A finding of fact is clearly erroneous when the reviewing court is "left with the definite and firm conviction that a mistake had been committed." United States v. Perez, 871 F.2d 45, 47-48 (6th Cir.) (quotations omitted), cert. denied, 109 S.Ct. 3227 (1989). Although it may have been desireable for the trial court to conduct a full evidentiary hearing on this issue, the trial court's determination that the officer's statement was sufficiently reliable to include the four ounces of cocaine in the base offense level was not clearly erroneous. Thus, the convictions and sentences of Peggy Jo Orban and Steven Orban are AFFIRMED.